OPINION
TUCKER, District Judge.
Hasan Murphy pled guilty to a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a felon. The District Court sentenced him to a 92-month term of imprisonment and a three-year term of supervised release. We affirm.
I.
On appeal, Murphy contends that his sentence must be vacated because it is unreasonable. He argues that the District Court failed to comply with the second and third steps of the sentencing procedure outlined in United States v. Gunter. 462 F.3d 237 (3d Cir.2006). Murphy asserts that the Court did not properly rule on his motion for departure based on the conditions of his pre-trial confinement. He further contends that the Court did not “meaningfully consider” the factors of his criminal history and the conditions of his 15-month confinement at Passaic County Jail, as provided for in 18 U.S.C. § 3553(a).
When imposing a sentence, a District Court must give “meaningful consideration” to the Section 3553(a) factors. In determining reasonableness, the sentence is affirmed “as long as it is within the statutorily prescribed range ... and [the sentence] is reasonable.” United States v. Cooper, 437 F.3d-324, 327 (3d Cir.2006). Specifically, the appellate court “must be satisfied that the [District] Court exercised its discretion by considering the relevant factors set forth in Section 3553(a)”. Id. at 329. Here, Mr. Murphy briefed the issue in advance of sentencing and the parties argued the matter, which the Court expressly acknowledged along with its discretion to depart or vary downward from the advisory Sentencing Guidelines. In a similar case, United States v. Jackson, the Defendant argued at sentencing for a downward departure on the grounds of “extraordinary acceptance of responsibility.” 467 F.3d 834, 836 (3d Cir.2006). Similar to the present matter, the District Court heard the arguments on the motion but did not expressly rule on it. Id. at 836, 839. Instead, the Court moved to consideration of the Section 3553(a) factors and discussed the points it considered pertinent before sentencing the Defendant to the lowest end of the Guidelines range. Id. at 836-37. The sentence was affirmed because the Court “was able to infer meaning from the District Court’s actions.” Id. at 840. Contrary to Murphy’s assertions, we are satisfied that no ambiguity exists as to whether the District Court understood its discretion to depart from the Guidelines. Accordingly, Mr. Murphy’s claim is denied.
Likewise, the record demonstrates that the District Court gave “meaningful consideration” to the Section 3553(a) factors in determining Murphy’s sentence. Both parties agree that the Court reiterated the factors at sentencing, thus demonstrating an understanding of the analysis required. The record also demonstrates that not only did the Court understand the law properly, it applied the correct law and considered Murphy’s arguments. Accordingly, the sentence is affirmed.